UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALBERT WILLIAMS,

    Plaintiff,

v.                                                            Case No:   3:14-cv-865-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Albert Williams, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**    **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

On March 18, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits alleging disability beginning June 26, 2008. (Tr. 27). Plaintiff's application was denied initially on July 8, 2011, and on reconsideration on September 22, 2011. (Tr. 89, 96). A hearing was held before Administrative Law Gregory Froehlich (the "ALJ") on November 16, 2012. (Tr. 44-63). The ALJ issued an unfavorable decision on January 25, 2013. (Tr. 27-30). On June 27, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on July 23, 2014. The parties having filed memorandum in support of their positions, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 26, 2008 the date of Plaintiff's alleged onset date. (Tr. 29). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus with neuropathy, lumbar degenerative disc disease, and obesity. (Tr. 29). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 31).

Before proceeding to step 4, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that he needs a sit/stand option every 45 minutes. He is able to occasionally climb, balance, stoop, kneel, crouch, and crawl. He is able to frequently handle and finger bilaterally. He needs to avoid concentrated exposure to vibrations, moving mechanical parts, and unprotected heights.

(Tr. 31). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a bindery operator, characterized by Dictionary of Occupational Titles as medium, semiskilled work with a Specific Vocational Preparation of 3. (Tr. 36). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and R.F.C., there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 37). Relying on the testimony of a vocational expert ("V.E."), the ALJ found that Plaintiff would be able to perform the work of a warehouse checker, assembler of small parts, and ticket taker. (Tr. 37). The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since June 26, 2008, through the date of the ALJ's decision, January 25, 2013. (Tr. 38).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by not according proper weight to the opinions of Plaintiff's treating primary care physician, Anthony Nioso, M.D. (Doc. 14 p. 8). Dr. Nioso indicated in three assessment forms that Plaintiff is incapable of working. (Doc. 14 p. 9). Plaintiff argues that objective medical evidence supported Dr. Nioso's assessments and, therefore, that the ALJ erred when he found that Plaintiff's treatment records fail to show any abnormal clinical findings related to Plaintiff's musculoskeletal conditions. (Doc. 14 p. 12).

Defendant responds that substantial evidence supports the ALJ's RFC determination and that the ALJ did not err in his treatment of Dr. Nioso's opinions of Plaintiff's ability to work.

(Doc. 15 p. 5, 8). Defendant contends that the ALJ was correct to find that Dr. Nioso's opinions were inconsistent with the other evidence in the record, including Dr. Nioso's own treatment notes, and were unsupported by objective medical findings. (Doc. 15 p. 8).

The record indicates that on March 31, 2011, Dr. Nioso completed a RFC Questionnaire regarding Plaintiff. (Tr. 286-87). Dr. Nioso listed Plaintiff's diagnoses as chronic fatigue, memory loss, and paresthesias. (Tr. 286). Dr. Nioso listed Plaintiff's symptoms as severe shortness of breath, decreased exercise/activity tolerance, memory loss, poor focus, numbness/tingling, weakness, and constant urinary frequency. (Tr. 286). Dr. Nioso made the following findings regarding Plaintiff's RFC. Plaintiff would need to recline or lie down during a hypothetical 8-hour workday in excess of the typical 15-minute break in the morning, the 30-60 minute lunch, and the typical 15-minute break in the afternoon. (Tr. 286). Plaintiff can walk less than ¼ a city block without rest or significant pain. (Tr. 286). Plaintiff can sit for 60 minutes at one time and stand/walk for 5-10 minutes at one time. (Tr. 286). Plaintiff can sit for a total of 4 hours in an 8-hour workday and can stand/walk for 0-1 hour in an 8-hour workday. (Tr. 286). Plaintiff does not need a job which permits shifting positions at will from sitting, standing or walking. (Tr. 286). Plaintiff will need to take unscheduled breaks 5-10 minute breaks every 10 minutes during an 8-hour workday. (Tr. 286). Plaintiff can frequently lift and carry less than 10 pounds in a competitive work situation, but never 10 pounds or greater. (Tr. 287). Plaintiff can use his hands to grasp, turn, and twist objects 10% of an 8-hour workday, can use his fingers to perform fine manipulation 20% in an 8-hour workday, and use his arms for reaching 10% of an 8-hour workday. (Tr. 287). Plaintiff is likely to be absent more than four times a month due to his impairments or treatments. (Tr. 287). Dr. Nioso found that Plaintiff is not a malingerer. (Tr. 287). Dr. Nioso

listed memory, concentration, diminished stamina, imbalance, and lower extremity weakness as limitations affecting Plaintiff's ability to work a regular job on a sustained basis. (Tr. 287).

On July 17, 2012, Dr. Nioso completed a second RFC Questionnaire regarding Plaintiff. (Tr. 555-556). Dr. Nioso listed Plaintiff's diagnoses as chronic fatigue syndrome, chronic back and leg pain, degenerative disc disease, diabetes and neuropathy. (Tr. 555). Dr. Nioso listed Plaintiff's symptoms as chronic low blood pressure, severe weakness and fatigue, severe leg pain, lower back numbness/tingling, chronic cough, reflux, and insomnia. (Tr. 555). Dr. Nioso made the following findings regarding Plaintiff's RFC. Plaintiff would need to recline or lie down during a hypothetical 8-hour workday in excess of the typical 15-minute break in the morning, the 30-60 minute lunch, and the typical 15-minute break in the afternoon. (Tr. 555). Plaintiff can walk less than ½ a city block without rest or significant pain. (Tr. 555). Plaintiff can sit for 60 minutes at one time and stand/walk for 5 minutes at one time. (Tr. 555). Plaintiff can sit for a total of 6-7 hours in an 8-hour workday and can stand/walk for 1 hour in an 8-hour workday. (Tr. 555). Plaintiff does not need a job which permits shifting positions at will from sitting, standing or walking, because he is unable to work. (Tr. 555). Plaintiff can occasionally lift and carry less than 10 pounds in a competitive work situation, but never 10 pounds or greater. (Tr. 556). Plaintiff can use his hands to grasp, turn, and twist objects 50% of an 8-hour workday, can use his fingers to perform fine manipulation 50% of an 8-hour workday, and use his arms for reaching 50% of an 8-hour workday. (Tr. 556). Plaintiff is likely to be absent more than four times a month due to his impairments or treatments. (Tr. 556). Dr. Nioso found that Plaintiff is not a malingerer. (Tr. 556). Dr. Nioso listed some significant forgetfulness, some cognitive dysfunction with comprehension as limitations affecting Plaintiff's ability to work a regular job on a sustained basis. (Tr. 556).

On September 26, 2012, Dr. Nioso completed a third RFC Questionnaire regarding Plaintiff. (Tr. 664-665). Dr. Nioso listed Plaintiff's diagnoses as type II diabetes, lumbar degenerative disc disease, diabetic peripheral neuropathy, chronic fatigue, atypical chest pain, and chronic pancreatitis. (Tr. 664). Dr. Nioso listed Plaintiff's symptoms as severe fatigue, debilitating back pain, chronic shortness of breath, chest pain, poor exercise tolerance, and chronic leg and foot pain. (Tr. 664). Dr. Nioso made the following findings regarding Plaintiff's RFC. Plaintiff would need to recline or lie down during a hypothetical 8-hour workday in excess of the typical 15-minute break in the morning, the 30-60 minute lunch, and the typical 15-minute break in the afternoon. (Tr. 664). Plaintiff can walk less than ¼-½ a city block without rest or significant pain. (Tr. 664). Plaintiff can sit for 60 minutes at one time and stand/walk for 10-15 minutes at one time. (Tr. 664). Plaintiff can sit for a total of 5 hours in an 8-hour workday and can stand/walk for 1 hour in an 8-hour workday. (Tr. 664). Plaintiff needs a job which permits shifting positions at will from sitting, standing or walking. (Tr. 664). Plaintiff will need to take 30-40 minute long unscheduled breaks every 10-15 minutes. (Tr. 664). Plaintiff can occasionally lift and carry 10 pounds or less in a competitive work situation, but never 20 pounds or greater. (Tr. 665). Plaintiff can use his hands to grasp, turn, and twist objects 15% of an 8-hour workday, can use his fingers to perform fine manipulation 25% of an 8-hour workday, and use his arms for reaching 10-15% of an 8-hour workday. (Tr. 665). Plaintiff is likely to be absent more than four times a month due to his impairments or treatments. (Tr. 665). Dr. Nioso concluded that Plaintiff is not physically capable of working an 8 hour day, 5 days a week employment on a sustained basis. (Tr. 665).

In his opinion, the ALJ reviewed Dr. Nioso's evaluation notes and opinions as follows:

> In the follow up evaluation notes dates July and September 2012, Dr. Nioso indicates the claimant is neurologically intact with normal range of motion of the lower extremities, normal ambulation, and no gross motor or sensory deficits (Exhibit 27F). The remaining examinations were

> unremarkable, except for some diffuse weakness of the lower extremities. Dr. Nioso opined the claimant was severely disabled with very minimal tolerance of even slight activity for several years. The undersigned gives little weight to this opinion, as it is not supported by the objective clinical findings, including Dr. Nioso's own rather benign findings or the record as a whole. In addition, although Dr. Nioso opined that the claimant was disabled, the issue of whether a claimant is disabled or unable to work within the meaning of the Social Security Act is an issue that is reserved to the Commissioner, not a physician (20 CFR 404.1503 and 416.903 and SSR 96-5p).

(Tr. 34). Later in his opinion, the ALJ reviewed the RFC Questionnaires completed by Dr. Nioso and determined to accord them little weight. (Tr. 35-36). The ALJ explained his decision as follows:

> First, such opinions are not supported by the rather benign objective clinical and radiologic findings as noted by the treating orthopedic physician who treated the claimant on an on-going basis for his musculoskeletal conditions, whose findings are most consistent with the record as whole, and who specializes in orthopedic conditions. Second, Dr. Nioso's treatment records fail to show any abnormal clinical findings related to the claimant's musculoskeletal conditions and diabetes, but appear to be based entirely on the claimant's reported symptoms. Fourth, the conservative treatment regimen does not support Dr. Nioso's opinion. Finally, Dr. Nioso gives no explanation as to why he opines the claimant would miss more than 4 days of work per month. The undersigned further notes that the claimant was released by an examining physician to resume normal work activity on November 12, 2012, following a 2-day excuse for leg pain.

(Tr. 36).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: " (1) treating physician's opinion was not bolstered by the evidence;

(2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

In this case, the Court finds that the ALJ did not err in according Dr. Nioso's opinions little weight as good cause supported his decision to do so. The ALJ noted that Dr. Nioso's RFC opinions were not supported by the evidence in the record, including objective medical findings and Dr. Nioso's own treatment notes. (Tr. 35-36). For example, Plaintiff's record contains mild lumbar MRI findings, normal musculoskeletal examinations and a MRI of the brain revealing no acute findings. (Tr. 279, 289, 306, 472, 475, 524). Robert Hurford, Jr., M.D., another of Plaintiff's treating physicians and a specialist in orthopedic medicine, characterized Plaintiff's musculoskeletal impairments as mild and observed that Plaintiff's lumbar spine and lower extremity strength evaluations were normal. (Tr. 36, 289, 475). The objective medical evidence further shows that while Plaintiff does suffer from diabetes with some lower extremity parasthesias, there is no evidence of complications or organ damages and Plaintiff has maintained full strength in the lower extremities and does not require an assistive device for ambulation. (Tr. 34, 260, 286, 296, 299, 344-45, 429, 474-75, 481-85, 496).

In addition, Plaintiff's treatment notes from Dr. Nioso fail to show significant abnormal clinical findings and appear to be based on, as the ALJ noted, Plaintiff's subjective report of symptoms. (Tr. 36, 302-14, 668-79). In his opinion, the ALJ acknowledged that Plaintiff has some legitimate functional difficulties, but found that Plaintiff's statements were not credible to the extent he claims disability, a finding that Plaintiff does not challenge on appeal. Dr. Nioso's RFC opinions fail to cite to specific objective medical evidence supporting his opinion. Specifically, the ALJ took issue with Dr. Nioso's unsupported finding that Plaintiff would miss more than 4 days of work per month. Finally, the ALJ correctly noted that Dr. Nioso's opinion

that Plaintiff was disabled was not a medical opinion, but an opinion on an issue reserved for the Commissioner and, therefore, not entitled to any special significance. *Patterson v. Chater*, 983 F. Supp. 1410, 1414 (M.D. Fla. 1997) (citing 20 C.F.R. § 404.1527(e) (1996)).

Substantial evidence supported the ALJ's decision to accord the opinions of Dr. Nioso little weight. Accordingly, the Court will not reverse this case on such grounds.

### III.  Conclusion

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2015.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties